UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:10-00258 |
| | ) | JUDGE CAMPBELL |
| MIGUEL PADILLA | ) | |

## ORDER

Pending before the Court is the Defendant's Motion For Judgment Of Acquittal Notwithstanding The Verdict And, In The Alternative, Motion For New Trial (Docket No. 413), and the Government's Response (Docket No. 439) opposing the Motion.

The Defendant was charged in Count One with participating in a drug conspiracy, in violation of 21 U.S.C. § 846; and in Count Two with using or carrying firearms during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). (Docket No. 316). After a week-long trial, the Defendant was convicted of the drug conspiracy charge, but the jury was unable to reach a unanimous verdict on the firearms charge. (Docket No. 393; Docket No. 437, at 725-33).

Through the pending Motion, the Defendant contends that a judgment of acquittal, or alternatively, a new trial is warranted based on the following grounds: (1) the evidence was insufficient to prove the Defendant guilty of the drug conspiracy charged in Count One; (2) the Government willfully and intentionally withheld exculpatory evidence for more than 18 months in violation of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny; and (3) the inclusion of Count Two in this prosecution constituted retaliation against the Defendant for exercising his right to go to trial on Count One, and inclusion of Count Two improperly influenced the jury's

verdict on Count One. The Defendant does not elaborate on any of these arguments in the Motion.

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court may grant a new trial to a defendant "if the interests of justice so require."

In reviewing a motion for a judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, a court must view the evidence in the light most favorable to the Government, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Welch, 97 F.3d 142, 148 (6th Cir. 1996); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court may not independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. Id.

In order to sustain a conviction for participation in a drug conspiracy under 21 U.S.C. § 846, the Government must prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy. United States v. Walls, 293 F.3d 959, 967 (6th Cir. 2002). The agreement must be shown beyond a reasonable doubt, but the connection between the defendant and the conspiracy need only be slight. Id. "A tacit or material understanding among the parties to a conspiracy is sufficient to establish the agreement." Id. A conspiracy may be inferred from circumstantial evidence reasonably interpreted as participation in a common plan. Id.

Applying these elements to the evidence presented at trial, the Court concludes that the evidence was more than sufficient to support the jury's guilty verdict against the Defendant. The evidence admitted at trial included proof that the Defendant traveled to Tennessee from Arizona

to pick up drug proceeds for the leaders of the drug conspiracy; removed drug proceeds from a secret compartment in a vehicle as part of the conspiracy; and that he asked other conspirators to lie about his involvement in the crime.

As for the argument about withholding exculpatory evidence, the Defendant does not describe the evidence, nor does he indicate how he was prejudiced by the alleged delayed disclosure.[1]

Finally, the Court is unpersuaded by the argument that the Government improperly retaliated against the Defendant by pursuing the firearms charge in Count Two for the same reasons given in its previous ruling on this issue. (See Docket No. 375). The Court is also unpersuaded that the existence of the firearms charge improperly led the jury to convict the Defendant of the drug conspiracy charge. The Court instructed the jury to consider each charge separately (Docket No. 436, at 159-160), and the fact that the jury did not return a guilty verdict on the firearms charge indicates that they were able to differentiate between the charges.

For these reasons, the Court concludes that the Defendant's arguments do not warrant a judgment of acquittal or a new trial. Accordingly, the Defendant's Motion is DENIED.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the Defendant is referring to the timing of the Government's disclosure of a statement made to law enforcement by Daniel Diaz-Villagomez, the Court is unpersuaded that the timing of the disclosure violated Brady for the reasons stated on the record at trial. (Docket No. 435, at 507-09).