UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:10-cr-00258-1 |
| v. | ) | |
| | ) | Judge Campbell |
| MIGUEL PADILLA | ) | |

*Order*

*This Sentencing Agreement is approved.*

*Todd Campbell*
*3-6-14*
*U.S. District Judge*

## SENTENCING AGREEMENT

The United States of America, through David Rivera, United States Attorney for the Middle District of Tennessee, and Brent A. Hannafan, Assistant United States Attorney, and the defendant, Miguel Padilla, and the defendant's counsel, Stephanie Gore, have entered into an agreement to jointly request a sentence to be imposed in this case, the terms and conditions of which are as follows:

### Charges and Conviction in This Case

1. Defendant acknowledges he was found guilty of Count One of the indictment by a jury for conspiring to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Penalties and Guidelines Range

2. The parties agree the offense of conviction carries the following minimum and maximum terms of imprisonment and fines: A term of imprisonment which may not be less than ten years, nor more than life imprisonment, a fine not to exceed $10,000,000, a supervised release term of at least five years, and a special monetary assessment of $100.

3. The parties agree that, as described in defendant's Presentence Investigation Report, the Probation Officer has determined the defendant's range under the United States

1

Sentencing Guidelines (U.S.S.G.) is 121 to 151 months. That parties agree that range is based upon an adjusted offense level of 32 and a Criminal History Category of Category I.

## Agreements Relating to Sentencing

4. Due to defendant's cooperation in the investigation and prosecution of others, the United States has filed a motion pursuant to U.S.S.G. Section 5K1.1 and Title 18, United States Code, Section 3553(e) (the "Motion"). The United States requested in the Motion that this Court sentence defendant to a term of imprisonment of 108 months, followed by a term of supervised release of five years.

5. The parties hereby jointly request this Court grant the Motion and sentence defendant to a term of imprisonment of 108 months, followed by a term of supervised release of five years. Other than those agreed terms of incarceration and supervised release, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court refuses to impose the agreed terms of incarceration and supervised release, thereby rejecting this Agreement, the United States shall be permitted to withdraw the Motion and either party shall have the right to withdraw from this Agreement.

6. The defendant agrees to pay the $100 special assessment at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Waiver of Appellate Rights

7. Regarding the issue of guilt, defendant hereby waives all rights to appeal any issue bearing on the determination of whether he is guilty of Count One of the indictment if a sentence of 108 months imprisonment and five years of supervised release is imposed.

8. Regarding sentencing, defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly

waives the right to appeal his sentence if a sentence of 108 months imprisonment and five years of supervised release is imposed. Defendant also knowingly waives the right to challenge that sentence in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal if a sentence of 108 months imprisonment and five years of supervised release is imposed.

## Conclusion

10. No promises, agreements, or conditions regarding defendant's sentencing have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below. Defendant and his attorney acknowledge that no threats have been made to cause defendant to enter into this Agreement.

11. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to this Agreement. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Agreement and carefully reviewed every part of it with my attorney. I understand this Agreement, and I voluntarily agree to it.

Date: 03/06/2014

Miguel Padilla
Defendant

3

11. <u>Defense Counsel Signature:</u>  I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to this Agreement. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Agreement with defendant. To my knowledge, defendant's decision to enter into this Agreement is an informed and voluntary one.

Date: 3/6/2014

Stephanie Gore
Attorney for Defendant

Respectfully submitted,

David Rivera
United States Attorney

By: _____
Brent A. Hannafan
Assistant U.S. Attorney

_____
Harold B. McDonough
Deputy Chief